**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1574
_____

UNITED STATES OF AMERICA

v.

EDWIN VAQUIZ,
                                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Criminal No. 4-16-cr-00310-001)
District Judge:  Honorable Matthew W. Brann

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 22, 2021
Before:  JORDAN, KRAUSE, and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 4, 2021)
_____

OPINION[*]
_____

PER CURIAM

    Edwin Vaquiz, proceeding pro se, appeals an order of the United States District

Court for the Middle District of Pennsylvania denying his motion for compassionate

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons discussed below, we grant the Government's motion to summarily affirm the District Court's order.

Vaquiz was convicted after a jury trial in the District Court of possession with intent to distribute heroin. On April 2, 2019, he was sentenced to 180 months in prison, below the applicable advisory sentencing range of 210 to 240 months. We affirmed on direct appeal. United States v. Vaquiz, 810 F. App'x 151, 152 (3d Cir. 2020). Vaquiz's anticipated release date is February 2, 2029.

In January 2021, Vaquiz filed a motion for compassionate release. He asserted that he was at risk of serious illness if he contracted COVID-19 because he was obese and suffered from hypertension, chest pains, and an intestinal bacterial infection. Vaquiz also argued that federal prisons were unable to comply with recommended precautions to control COVID-19, that there was limited testing for the virus, and that there were high positive rates where testing was administered. He noted that he had taken classes and stayed drug-free while in prison and that he could stay with his parents and return to a factory job if released. The Government opposed the motion.

The District Court denied relief. The District Court ruled, contrary to the Government's contention, that Vaquiz had shown the requisite extraordinary and compelling reasons for compassionate release. It explained that Vaquiz's medical records confirmed that he is 65 inches tall and weighs approximately 245 pounds, which meant that he has a Body Mass Index of 42, and showed that he is at an elevated risk of serious illness or death should he contract COVID-19.

The District Court, however, concluded that these reasons were outweighed by the relevant 18 U.S.C. § 3553(a) sentencing factors and the danger that Vaquiz posed to others and the community. It noted that Vaquiz had not yet served half of his sentence, that his offense distributing heroin and fentanyl was serious and placed lives at risk, that he had a lengthy criminal history, and that he had committed his offense while on parole, which indicated that incarceration was needed to prevent his criminal activity. The District Court stated that releasing Vaquiz would not serve the goals of affording adequate deterrence, promoting respect for the law, achieving just punishment, or protecting the public.

Vaquiz appealed and filed his opening brief, and the Government now moves for summary affirmance of the District Court's decision. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020).

A district court "may reduce [a federal inmate's] term of imprisonment and impose a term of probation or supervised release . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction." Id. at 329 (quoting 18 U.S.C. § 3582(c)(1)(A)(i)) (internal quotations omitted). Before granting release, a district court must consider the factors in 18 U.S.C. § 3553(a) to the extent they are applicable. Id. These factors include the history and characteristics of the defendant, and the need for the sentence imposed (1) to reflect the seriousness of the offense, to promote respect for the

3

law, and to provide just punishment for the offense; (2) to afford adequate deterrence to criminal conduct; and (3) to protect the public. See 18 U.S.C. § 3553(a)(1), (2)(A)-(C).

The District Court gave several reasons, which comport with its consideration of the sentencing factors at Vaquiz's sentencing hearing in 2019, why continued incarceration was needed to afford adequate deterrence, promote respect for the law, provide just punishment, and protect the public. The District Court also properly considered the fact that Vaquiz had served less than half his sentence, which is consistent with § 3582(c)(1)(A). Pawlowski, 967 F.3d at 331. The District Court thus did not commit a clear error of judgment in the conclusion it reached based on the relevant sentencing factors. See id. at 330.[1]

Accordingly, because this appeal does not present a substantial question, we grant the Government's motion and will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

[1] The District Court also cited U.S.S.G. § 1B1.13(2) in finding that Vaquiz posed a danger if released. To the extent § 1B1.13(2) may be inapplicable to Vaquiz's motion, a question we have not yet decided in a precedential opinion, we find no abuse of discretion in light of the District Court's consideration of the sentencing factors. See United States v. Kibble, -- F.3d --, No. 20-7009, 2021 WL 1216543, at *4 (4th Cir. Apr. 1, 2021) (per curiam). It is unnecessary to consider the Government's contention that Vaquiz's risk of harm from COVID-19 is speculative in light of this conclusion.